IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN WINCHEL, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2290-D-BK |
| | § | (CRIMINAL NO. 3:15-CR-079-D-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Christian Winchel's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I. BACKGROUND**

Winchel pled guilty under the terms of a plea agreement to producing child pornography (Count 1), transporting and shipping child pornography (Count 2), and possessing child pornography (Count 3). Crim. Doc. 82 at 1.[1] He was sentenced to consecutive terms of 360 months on Count 1, 120 months on Count 2, and 120 months on Count 3—for an aggregate term of 600 months' imprisonment. Crim. Doc. 82 at 2. Winchel was also ordered to pay $2000 in restitution. Crim. Doc. 82 at 7.[2]

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Winchel*, No. 3:15-CR-079-D-1 ((N.D. Tex. July 22, 2016).

[2] Upon subsequent remand from the Court of Appeals for the Fifth Circuit, the judgment was amended to reduce the restitution amount from $1,443,619.63; however, the remainder of the judgment was not modified. *See United States v. Winchel*, 896 F.3d 387 (5th Cir. 2018)).

On September 25, 2019, Winchel timely filed this Section 2255 motion alleging (1) his 600-month sentence represented an unwarranted sentencing disparity, and (2) his counsel rendered ineffective assistance in (a) failing to hire an expert to investigate further Winchel's claim that a foreign government had hacked Winchel's computer devices and to discover bases to challenge the lawfulness of the investigation and (b) failing to move to suppress evidence based on the "international silver-platter doctrine." Doc. 5 at 9-21. The Government has filed a response opposing Section 2255 relief. Doc. 11. Winchel has filed a reply. Doc. 15.

Upon review, the Court finds that (1) Winchel's sentencing disparity claim is waived and procedurally barred, (2) his ineffective assistance of counsel claims were waived by his voluntary guilty plea, and (3) neither an evidentiary hearing nor discovery is warranted.

## II. ANALYSIS

### A. Sentence Disparity Claim is Waived and Procedurally Defaulted

Winchel argues that there is an unwarranted sentencing disparity between his 50-year sentence and the sentences received by defendants in other geographical regions who used the same child pornography website. Doc. 5 at 20 (arguing his sentence is "substantially harsher than other significant cases"). However, this claim does not fall within an exception to Winchel's voluntary waiver of his right to appeal and to seek other post-conviction relief in his Plea Agreement with the Government, which the Court accepted at sentencing. Under his appeal waiver, Winchel reserved only the rights to (a) appeal a sentence exceeding the statutory maximum, (b) challenge the voluntariness of any guilty plea or the waiver, or (c) contest the ineffective assistance of counsel. Crim. Doc. 27 at 6-7. Winchel does not challenge the voluntariness of his appeal waiver and only suggests in his reply that he "could not have known of the sentencing disparity when he agreed to the appeal waiver" or prior to sentencing, Doc. 15

at 8. However, as discussed in detail *infra*, Winchel knowingly and voluntarily entered into the Plea Agreement, which included the appeal waiver. Thus, his argument is frivolous.

Notwithstanding the foregoing, because Winchel did not present his sentencing-disparity claim on direct appeal, it is procedurally barred, absent a showing of cause and prejudice or that he is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Winchel does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise the claim on direct appeal. Indeed, he does not suggest his actual innocence of the offenses of conviction or offer anything in his motion or reply in attempt to meet that heavy burden. Doc. 15.

### B. Ineffective Assistance of Counsel Claims Waived by Voluntary Guilty Pleas

Next, Winchel asserts counsel rendered ineffective assistance in failing to (1) hire an expert to inspect if his computer devices had been hacked by governmental entities, (2) challenge the lawfulness of the investigation, including the veracity of the affidavit in support of the search warrant, and (3) file a motion to suppress evidence based on violation of the "international silver-platter doctrine." Doc. 5 at 8-17. However, as the Government correctly argues, Doc. 11 at 14-15, these claims of ineffective assistance based on events that allegedly occurred before Winchel entered his voluntary guilty pleas are waived. Moreover, Winchel's current assertions that his guilty pleas were not voluntary, Doc. 15 at 3-4, are belied by the record.[3]

---

[3] Although the Court does not reach the merits of Winchel's claims, with its Response, the Government submits an affidavit from Winchel's defense counsel who avers that (1) he was paid to hire a computer expert, (2) he hired and consulted with that expert, (3) he discussed with Winchel his options on how to proceed with his case, following the investigation, and (4) Winchel strategically decided to plead guilty and declined a motion to suppress, which resulted in the favorable dismissal of one count and avoided prosecution of any additional offenses. Doc. 12 at 3-4.

1. *Winchel's guilty pleas were knowing and voluntary*

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (finding that to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

In addition, when challenging the validity of his guilty plea, a movant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). The movant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly).

The record in this case refutes Winchel's self-serving assertions that his plea was unknowing and involuntary. In the written Plea Agreement, Winchel declared that his plea of guilty was freely and voluntarily made and that he was fully satisfied with his lawyer's legal explanations of the plea agreement, his rights affected by the agreement, as well as alternatives available to him other than entering into the plea agreement. Crim. Doc. 27 at 6-7 (*Plea Agreement*). Winchel repeated these affirmations at rearraignment. Crim. Doc. 71 at 8-9 (*Rearraignment Tr.*). He admitted under oath that he understood the elements of the offense to which he was pleading guilty and confirmed that: (1) he had reviewed the plea agreement with

counsel and understood all of its provisions; (2) no one had made any promises to induce him to enter into the plea agreement; and (3) he was freely and voluntarily pleading guilty. Crim. Doc. 71 at 8-9. Also, Winchel confirmed that he reviewed the factual resume before signing it, and that the stipulated facts contained in it were true. Crim. Doc. 71 at 23-25. He further averred that he was fully satisfied with his counsel's advice. Crim. Doc. 71 at 7. Winchel likewise acknowledged that he had discussed the sentencing guidelines with counsel. Crim. Doc. 71 at 19. He indicated that he understood that the Court would determine and assess his sentence, after considering the PSR and consulting the Sentencing Guidelines, and that he would be bound by his plea even if the sentence was higher than he expected. Crim. Doc. 71 at 20.

In addition, Winchel had ample time—nearly ten months between rearraignment and his sentencing hearing—to advise the Court that his guilty plea was involuntary or that he was dissatisfied with defense counsel's conduct, but he did not do so. Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea or concern about his counsel's advice and allegedly deficient performance. Crim. Doc. at 74 (*Sentencing Tr.*). This is ample indication that Winchel's claims are thus driven by "buyer's remorse" rather than any defect in the guilty plea procedure.

Winchel is also wrong on the applicability of the case law he cites in support of his arguments that his guilty pleas were not voluntary. The alleged errors of counsel here are in no way analogous to that found of defense counsel in *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958 (2017), where counsel's error of failing to adequately advise the defendant that deportation was a possible consequence of pleading guilty was "one that affected Lee's understanding of the consequences of pleading guilty." *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1965 (2017). The Supreme Court emphasized "deportation was the determinative issue in Lee's

decision whether to accept the plea deal," as reflected by his responses during the plea colloquy. *Id.* at 1967. Here, Winchel complains only that counsel did not "vigorously test the government's case … [and] advised Defendant to enter a plea," not that counsel's alleged ineffective assistance caused him to enter an unknowing and involuntary plea. Doc. 5 at 13. Unlike the defendant in *Lee*, Winchel never gave any indication during the plea colloquy or afterwards that counsel's purported failures impacted his (Winchel's) understanding of the consequences of his guilty pleas. Simply stated, Winchel pleads no specific "connection between counsel's alleged errors and his guilty plea[s]." *Cf. United States v. Glinsey*, 209 F.3d 386, 392–93 (5th Cir. 2000) (concluding defendant had pled a sufficient connection because he explicitly challenged the voluntariness of the plea and sought to withdraw his guilty plea due to the ineffective assistance of counsel and his involuntary plea).

It is well established that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," and "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967. Again, Winchel presents no "contemporaneous evidence"— only self-serving, belated assertions—that his plea was unknowing and involuntary due to counsel's allegedly ineffective assistance. *See also United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) ("self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing); *Cervantes*, 132 F.3d at 1110 (requiring "independent indicia of the likely merit of [movant's] allegations" to overcome arraignment testimony and plea agreement, which refuted his allegations).

Finally, in a somewhat disjointed and circular argument, Winchel reiterates that "*he*

*would not have entered a plea* had trial counsel conducted proper investigation of Defendant's computer devices … [and] advised [him] of the viability of a motion to suppress." Doc. 15 at 2 (emphasis in original). Moreover, his argument is premised on the ineffective-assistance standard in *Hill v. Lockhart*, 474 U.S. 52 (1985), rather than the voluntary-plea standard discussed *supra*. Doc. 15 at 2-3. Winchel argues that the *Hill* prejudice prong does "not require a defendant to specifically allege that counsel's ineffectiveness 'rendered the plea involuntary'"—a position wholly contrary to his burden here. *Id.*

      In sum, Winchel's belated arguments that counsel was ineffective and his guilty pleas were thus involuntary are simply insufficient to contradict his sworn testimony at rearraignment, which is entitled to a strong presumption of truthfulness. *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of Section 2255 motion without evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions). Therefore, the Court concludes that Winchel's guilty plea was knowing and voluntary.

      2. *Voluntary plea waived pre-plea ineffective-assistance claims*

      A guilty plea generally waives constitutional deprivations occurring prior to the plea. A knowing and voluntary guilty plea also waives all non-jurisdictional defects that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea … ."); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.

1992) ("[B]y entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below."). Such a waiver includes all claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392; *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("This [waiver] includes all claims of ineffective assistance of counsel *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." (cited cases omitted and emphasis in the original)).

As noted *supra*, the record confirms that Winchel's guilty plea was knowing and voluntary and that his claims of ineffective assistance of counsel are not fundamentally related to the entry of his voluntary plea. Winchel contends that it is "unjust to deny [his] claims for failing to present 'contemporaneous evidence' to support his allegations" without first affording him an opportunity to substantiate his allegations through an evidentiary hearing and with the evidence requested. Doc. 15 at 4-5. This contention rings hollow, as conspicuously absent from his motion and reply is any assertion that counsel's actions essentially caused Winchel to enter an unknowing and involuntary plea. *See United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019) (finding ineffective assistance claim waived where the defendant "never asserted" that the alleged ineffective assistance "somehow rendered [the] guilty plea involuntary").

Based on the foregoing, the Court finds that Winchel's voluntary guilty plea waived all of his pre-guilty plea claims, including his ineffective assistance of counsel claims premised on allegations of non-jurisdictional defects in the proceedings.

### III. EVIDENTIARY HEARING NOT REQUIRED

Winchel contends he is entitled to an evidentiary hearing to resolve his ineffective assistance claims. Doc. 5 at 21; Doc. 15 at 7, 9. However, "[w]hen the files and records of a

case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *Cavitt*, 550 F.3d at 442). Because Winchel's claims lack merit for reasons wholly supported by the record, as previously noted herein, no evidentiary hearing is required. *See McClinton*, 782 F. App'x at 314-15 (affirming denial of § 2255 motion without evidentiary hearing because "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

### IV. CONCLUSION

Winchel's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 25, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).